IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DEREK M. HARKRIDER, § § Plaintiff, § § v. § CIVIL CASE NO. H-23-1053 § BLUE CROSS AND BLUE SHIELD OF § TEXAS, A DIVISION OF HEALTH CARE § SERVICE CORPORATION, and HEALTH § CARE SERVICE CORPORATION, § § Defendants. § | |

## ORDER

Derek Harkrider, representing himself, sued his health insurers, Blue Cross and Blue Shield, a division of Health Care Service Corporation, and Health Care Service Corporation, in state court. Harkrider alleging that they charged him for monthly insurance premiums in excess of the parties' contract. (Docket Entry No. 1-1). The defendants removed the action to this court, (Docket Entry No. 1), and moved to dismiss the state-court petition for failure to state a claim. (Docket Entry No. 2). Harkrider has not responded to the motion.

While the Federal Rules ask for a "short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), a complaint must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim must contain a plausible claim for relief, meaning allegations "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

The defendants argue that Harkrider "has not identified the contract(s) on which this suit is based; has not identified any performance or tendered performance on his part; has not specified [the defendants'] alleged breach; and has not identified any damages resulting from the alleged

breach." (Docket Entry No. 2 ¶ 6).  The defendants also argue that Harkrider's claim for money had and received (in essence, unjust enrichment) must be dismissed because a contract governs the parties' agreement.  (*Id.* ¶ 10).  Finally, defendants argue that Harkrider's fraud claim must also be dismissed for failure to state a claim.  (*Id.* ¶ 14).

Under Texas law, a claim for breach of contract must allege: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.*, 892 F.3d 167, 170 (5th Cir. 2018) (quoting reference omitted).

> Harkrider alleges:
>
> Plaintiff had procured health insurance with Defendants at an agreed upon monthly premium of $857.32.  During the first few months of insurance coverage and payments, Defendants charged more than the agreed upon amount and deducted unauthorized amounts.  It was only after recently reviewing bank statements for financial auditing[] did the Plaintiff discover[] these unauthorized and over charges [*sic*]."

(Docket Entry No. 1-1 at 11 ¶ 8).[1]  Harkrider then provides a list of the unauthorized and excessive charges, which totaled at least $3,022.69.  (*Id.* at 12).

> Defendants are liable to Plaintiff for the unauthorized and excess charges that were party of the insurance agreement and agreed upon monthly premiums.  The parties entered into an agreement for health insurance coverage at an agreed upon monthly premium.  Defendants charged in excess of the agreed upon premium without authorization from the Plaintiff, which was a breach of the agreement.  Plaintiff has been damage[d] in the amount of the excess charges.

(*Id.* at 13–14 ¶ 10).  These allegations state a claim for breach of contact.  Harkrider alleges that (1) the parties had an agreement for a contract of health insurance at certain monthly premiums,

---

[1] Page references to Docket Entry No. 1-1 refer to the blue pagination in the CM/ECF header.

(2) Harkrider paid those premiums under an automatic payment plan, (3) the defendants deducted an amount higher than the agreement provided, and (4) Harkrider was damaged by the excessive payments. "Short and plain" statements, FED. R. CIV. P. 8(a)(2), are not necessarily "conclusory statements."

Harkrider alleges that he had a contract with the defendants calling for a specific monthly premium, and the defendants charged more. The defendants nonetheless question the sufficiency of the complaint:

> This conclusory allegation raises more questions than answers. Did Plaintiff have an agreement with BCBSTX, one with HCSC, or both? Is/are that agreement/those agreements in writing? If so, what does it/they say about the amount of the monthly premium, the amount to be charged, and how payment will be made? What did "Defendants" charge in premiums originally, what was changed, what was charged in the alleged breach, when and for how long? What communications did Plaintiff have with either Defendant regarding the revised premium? Without answers to these essential questions, Plaintiff's conclusory assertions that BCBSTX's unspecified actions breached unidentified contract terms are insufficient to state a claim.

(Docket Entry No. 2 ¶ 7). The answers to these questions are not necessary to give the defendants adequate notice at this pleading stage. The defendants cite *American Realty Trust*—which involved an oral agreement—for the proposition that Harkrider must "(1) quote relevant contractual language; (2) include a copy of the contract as an attachment; or (3) summarize the contract's purported legal effect." *Am. Realty Tr., Inc. v. Travelers Cas. & Sur. Co. of Am.*, 362 F. Supp. 2d 744, 753 (N.D. Tex. 2005). It is unclear that the defendants cannot locate the policy at issue or are unable to identify the provisions at issue. The court is not persuaded that Harkrider's petition—asserting a straightforward claim by an insured for breach of an insurance contract—fails to fulfill the notice function assigned to the pleading.

The court agrees with the defendants that Harkrider's claim for money had and received is duplicative of his breach of contract claim. "As a general rule, there can be no recovery under a

quasi-contract theory—such as money had and received—when a valid, express contract covers the subject matter of the parties' dispute." *Universal MRI & Diagnostics, Inc. v. Med. Lien Mgmt. Inc.*, 497 S.W.3d 653, 663 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (Busby, J.) (citing *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000). Because a contract covers the parties' dispute, amendment of this claim would be futile, and the court therefore dismisses it with prejudice.

The court also agrees that Harkrider's fraud claim is insufficiently pleaded. A claim for fraud under Texas law require a plaintiff to plead facts that could show that:

> (1) the defendant "made a material representation that was false"; (2) the defendant "knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth;" (3) the defendant intended to induce the plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably relied upon the representation and suffered injury as a result.

*JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018) (quoting *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)). Harkrider alleges only that:

> Defendants misrepresented the terms and the amounts that they would charge the Plaintiff for health insurance coverage. Plaintiff relied upon the Defendants['] misrepresentations and/or omissions to his detriment. Defendants['] acts and omissions constituted misrepresentations that caused Plaintiff to suffer damages.

(Docket Entry No. 1-1 at 13 ¶ 13). This neither states a claim for fraud under Texas law nor meets the heightened pleading standard required of fraud claims under the Rules. *See* FED. R. CIV. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").

The motion to dismiss is granted in part. The claim for money had and received is dismissed with prejudice. The claims for fraud is dismissed, without prejudice. Harkrider must file any amended complaint by **June 23, 2023**.

SIGNED on May 22, 2023, at Houston, Texas.

                                      _____
                                                Lee H. Rosenthal
                                          United States District Judge